IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**BENJAMIN WHITE** **PLAINTIFF**

vs.                              No. 5:17-cv-115

**KLX ENERGY SERVICES, LLC** **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Benjamin White, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint against Defendant KLX Energy Services, LLC ("Defendant"), and in support thereof he does hereby state and allege as follows:

### I.

### PRELIMINARY STATEMENTS

1.      Plaintiff brings this action under the Fair Labor Standards Act, 29 US.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendant's policy and practice of failing to pay Plaintiff overtime compensation for the hours in excess of forty hours in a single week that he was made to work.

2.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the

FLSA as described, infra.

## II.

## THE PARTIES

3.      Plaintiff Benjamin White is a resident and citizen of Louisiana.  He was employed by Defendant to work as Pipe Recovery Specialist in Texas and Louisiana.

4.      White was employed by Defendant from February of 2015 until June of 2016.

5.      Toward the end of White's employment with Defendant he was paid on an hourly basis.

6.      At all other times relevant hereto White was misclassified as exempt from overtime wages and paid a salary.

7.      Defendant is a for-profit foreign corporation created and existing under and by virtue of the laws of Delaware, registered to do business in Texas, providing products and services in the oil and gas industry throughout the United States in those areas in which fracking is a viable business.

8.      Defendant maintains an agent for service of process in Texas as follows: Corporate Creations Network, Inc., 4265 San Felipe, Suite 1100, Houston, Texas 77027.

9.      Defendant has annual gross revenues exceeding $500,000.00

10.     Defendant's principal address is 2700 Post Oak Boulevard, Suite 1400, Houston, Texas 77056

11.     Defendant was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

12.     Defendant can be served within the State of Texas.

**III.**

**JURISDICTION AND VENUE**

13.     The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

14.     The acts complained of herein were committed and had their principal effect against Plaintiff within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.  Plaintiff worked for Defendant in this district.

**IV.**

**FACTUAL ALLEGATIONS**

15.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

16.     Plaintiff was an employee of Defendant within the last three years.

17.     Plaintiff White was employed by Defendant as a Pipe Recovery Specialist and was paid by the hour during at some point during the relevant time period herein.

18.     Defendant paid White an hourly rate and non-discretionary bonuses for all hours worked.

19.     In addition, Defendant paid White one-and-one-half of his hourly rate for each hour he worked over forty in a workweek.

20.     However, Defendant did not include White's bonuses in his regular rate when calculating his overtime pay.

21.     Section 778.208 of Title 29 of the Code of Federal Regulations requires that non-discretionary bonuses "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

22.     Defendant violated the FLSA by not including White's bonuses into his regular rate when calculating his overtime pay.

23.     Defendant knew of the FLSA's requirements based on, among other things, Department of Labor investigations in its line of business.

24.     Defendant knew, or showed reckless disregard for whether, the way it paid White violated the FLSA.

25.     While employed by Defendant as a Pipe Recovery Specialist, White was also misclassified as a salaried employee.

26.     Upon commencement of work at Defendant, White did not sign any contract of employment setting forth his hours or wages.  His annual compensation was not less than $455.00 per week nor more than $100,000.00 per year.

27.     In performing services for Defendant, White was not required to utilize any professional education relevant to their job duties.

28.     White's primary duties involved providing manual labor at fracking sites and gas wells in the locations where Defendant operated.

29.     White was a classic blue-collar worker, spending physical, demanding, long shifts working on and with machinery, and not in an office.

30.     During the course of his employment, White did not manage the enterprise or a customarily recognized subdivision of the enterprise.

31.     White did not select any employees for hire nor did he provide any training for any employee.  White had no ability to hire and fire any employee.

32.     White did not have any control of or authority over any employee's rate of pay or working hours.

33.     White did not maintain or prepare production reports or sales records for use in supervision or control of the business.

34.     Similarly, White did not have any responsibility for planning or controlling budgets.

35.     White did not receive overtime premiums for hours worked in excess of 40 in a workweek.

36.     White worked more than 40 hours in almost all workweeks during which he was employed by Defendant.

37.     White never agreed that his salary would be sufficient to cover all hours worked.  Additionally, Defendant paid White regular, non-discretionary bonuses for days on which he worked at a well site.

## V.

## CLAIMS FOR RELIEF

38.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint above, as if fully set forth herein.

39.     Defendant intentionally failed to properly calculate White's regular rate of pay as required by the FLSA.

40.     Defendant violated the overtime provisions of the FLSA by failing to include White's bonuses in his regular rate when calculating his overtime pay.

41.     During the relevant period while Plaintiff was paid a salary, Defendant intentionally misclassified White as exempt from overtime compensation, failing to pay him overtime compensation for each and every hour worked over forty (40) hours per week.

42.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

43.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

44.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Benjamin White respectfully prays for declaratory relief and damages as follows:

(a)     That Defendant be summoned to appear and answer herein;

(b)     That Defendant be required to account to Plaintiff and to the Court for all of the hours worked by Plaintiff and all monies paid to him;

(c)  A declaratory judgment that Defendant's practices as alleged herein violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(d)  Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(e)  Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs during the applicable statutory period;

(f)  An order directing Defendant to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(g)  Such other and further relief as this Court may deem necessary, just and proper.

<div style="margin-left: 50%;">

Respectfully submitted,

**PLAINTIFF BENJAMIN WHITE**

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By:  */s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com

</div>